Lee v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the, Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand fifteen.

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
RICHARD C. WESLEY,
            *Circuit Judges.*

---

EUN JEE LEE,
            *Petitioner*,

            v.                                                          13-4762-ag

LORETTA E. LYNCH, United States Attorney
General,
            *Respondent.*

---

**FOR PETITIONER:**                   EVAN GOLDBERG, Law Office of Theodore Davis,
                                      New York, New York.

**FOR RESPONDENT:**                   KATHERINE DEANGELIS, trial attorney (Stuart F.
                                      Delery, Assistant Attorney General; Greg D. Mack,
                                      Senior Litigation Counsel; Richard Zanfardino, Trial
                                      Attorney, *on the brief*) Office of Immigration
                                      Litigation, United States Department of Justice,
                                      Washington D.C.

1

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision**, IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Eun Jee Lee, an alleged native and citizen of North Korea, seeks review of a November 25, 2013 decision of the BIA affirming the April 19, 2012 decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Eun Jee Lee*, No. A087 637 035 (B.I.A. Nov. 25, 2013), *aff'g* No. A087 637 035 (Immig. Ct. N.Y.C. Apr. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA briefly affirms the decision of an IJ and, in doing so, "adopt[s] the IJ's reasoning," we review the IJ's and the BIA's decisions together. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

For asylum applications like Lee's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on the asylum applicant's demeanor, the plausibility of her account, inconsistencies in her statements, and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, substantial evidence supports the agency's adverse credibility determination. As an initial matter, the IJ reasonably based her adverse credibility determination in part on her observation of Lee's demeanor, finding that she was unresponsive and hesitant, especially when confronted with inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007). Those findings are supported by the record.

The IJ's demeanor findings and the adverse credibility determination as a whole are further supported by inconsistencies and implausibilities in the record. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The agency reasonably found inconsistencies between statements made by Lee on numerous topics, including whether she served in the military, what year her sister left North Korea, whether police in China attempted to arrest her, and whether she was present when her church in China was raided. The agency was not required to credit her explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The agency also reasonably found implausibilities in Lee's testimony regarding how she discovered her underground church in China, how she was able to attend that church on a weekly basis, and why she kept a photograph of

herself in a North Korean army uniform. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

In making the adverse credibility determination, the lack of certain details in Lee's asylum application may not rise to the level of omissions amounting to inconsistencies, specifically, the number of times she was beaten and the location of her forced labor. Compare C.A.R. 470 (asylum application stating Lee and family "were often assaulted" and that Lee was "taken away to perform forced labor . . . sometimes for many consecutive months"), with id. at 172–75 (Lee's testimony that she was beaten ten times forced to labor on a farm). A similar conclusion might be reached regarding Lee's testimony as to when she left China. Nevertheless, the numerous inconsistencies and implausibilities identified above are supported by the record and allow us to "state with confidence that the IJ would adhere to his decision if we were to remand." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir. 2006); see *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005) (vacating and remanding where, without erroneous findings, "evidence supporting [the IJ's] findings is not so overwhelming that it is clear she would reach the same results on remand"). Accordingly, no remand to the agency for reconsideration of its credibility determination without the few overstated findings is necessary.

Having called Lee's credibility into question, the agency reasonably relied further on her failure to corroborate her claims. An applicant's failure to corroborate her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably found that, although Lee could not be expected to authenticate her North Korean identification card, that unauthenticated identification card alone was insufficient to rehabilitate her non-credible testimony.

Given these demeanor, omission, inconsistency, and corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. This finding is dispositive of Lee's application for asylum, withholding of removal, and relief pursuant to the CAT, insofar as those claims are predicated on her fear of being repatriated to North Korea and her fear of persecution for having attended an unregistered church in China. *See, e.g.*, *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Furthermore, contrary to Lee's contention, the IJ did not err in finding that she failed to demonstrate an objectively reasonable fear of persecution on account of her practice of Christianity in the United States, because Lee did not submit any evidence that Chinese officials are aware of, or likely to become aware of, her Christian activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

Because the agency's adverse credibility determination and burden finding are dispositive of all forms of relief, we do not reach the agency's alternative basis for denying asylum, namely Lee's failure to timely file her asylum application.

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk